# Ronald Howland, Jr., et al. v. Commissioner of Internal Revenue (11th Cir. No. 22-13744)

**CERTIFICATE OF INTERESTED PERSONS AND CORORATE DISCLOSURE STATEMENT**

**C-1 of 2**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, counsel for the Commissioner of Internal Revenue hereby certify that, to the best of their knowledge, information, and belief, the following persons and entities have an interest in the outcome of this appeal:

- Allulis, Paul A., attorney, Appellate Section, Tax Division, Department of Justice
- Begun, A. Gary, Associate Area Counsel, Internal Revenue Service
- Bonnette, Harris L., Jr., attorney for petitioner/appellant, Fisher, Tousey, Leas & Ball, P.A
- Dillard, Miriam C., Associate Area Counsel, Internal Revenue Service
- Howland, Marillee R., Petitioner/Appellant
- Howland, Ronald Jr., Petitioner/Appellant

# Ronald Howland, Jr., et al. v. Commissioner of Internal Revenue

# (11th Cir. No. 22-13744)

# CERTIFICATE OF INTERESTED PERSONS AND CORORATE DISCLOSURE STATEMENT

# C-2 of 2

Hubbert, David A., Deputy Assistant Attorney General, Tax Division

St. Amand Scott, attorney for petitioner/appellant, Fisher, Tousey, Leas & Ball, P.A

Wasserman, Carl D., attorney, Appellate Section, Tax Division, Department of Justice

Weiler, Christian N., Judge, United States Tax Court

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| **RONALD W. HOWLAND, JR.,** *et al.* | ) |
| | ) |
| Petitioners–Appellants, | ) No. 22-13744 |
| | ) |
| v. | ) |
| | ) |
| **COMMISSIONER OF INTERNAL REVENUE,** | ) |
| | ) |
| Respondent–Appellee. | ) |
| | ) |

**CONSENT MOTION FOR VACATUR AND REMAND**

The Commissioner of Internal Revenue, Respondent-Appellee in this case, hereby moves this Court to vacate the Tax Court's judgment in the above-captioned appeal and to remand this case for entry of judgment in favor of Petitioners-Appellants. In support of his motion, the Commissioner states as follows:

1. This case arises from Appellants' claim to a mortgage-interest deduction in the approximate amount of $100,000 after their home was sold at a foreclosure sale. The claimed deduction represented the amount of outstanding interest owed on the note at the time of the foreclosure.

17492072.1

2. The Commissioner denied the deduction and Appellants filed a petition for redetermination in the Tax Court. The Tax Court determined that Appellants were not entitled to the claimed deduction, because they did not prove that the bank had applied any of the foreclosure proceeds to outstanding interest. Neither the parties nor the Tax Court addressed the applicability of 26 C.F.R. § 1.446-2(e). That regulation provides in relevant part:

> [E]ach payment under a loan (other than payments of additional interest or similar charges provided with respect to amounts that are not paid when due) is treated as a payment of interest to the extent of the accrued and unpaid interest determined under paragraphs (b) and (c) of this section as of the date the payment becomes due.

3. In their opening brief on appeal, Appellants for the first time cited that regulation as a basis for their deduction. *See* Appellants' Brief at 6, 20-22. Although Appellants waived any argument based on the regulation by failing to raise it below, *see*, *e.g.*, *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984), we believe that vacatur and remand is appropriate because the regulation controls the outcome in this case. *See Milkovich v. United States*, 28 F.4th 1 (9th Cir. 2022).

17492072.1

4.  Counsel for Petitioners-Appellants consents to the relief requested in this motion.

WHEREFORE, the Commissioner respectfully requests that this Court vacate the judgment of the Tax Court and remand this matter for entry of judgment in favor of Petitioners-Appellants.

    Respectfully submitted,

    /s/ Paul A. Allulis

    PAUL A. ALLULIS    (202) 514-5880
     *Attorney*
     *Tax Division*
     *Department of Justice*
     *Post Office Box 502*
     *Washington, D.C. 20044*

17492072.1

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| **RONALD W. HOWLAND, JR.,** *et al.* | ) |
| | ) |
| **Petitioners–Appellants,** | ) No. 22-13744 |
| | ) |
| v. | ) |
| | ) |
| **COMMISSIONER OF INTERNAL REVENUE,** | ) |
| | ) |
| **Respondent–Appellee.** | ) |
| | ) |

# DECLARATION

Paul Allulis, of the Department of Justice, Tax Division, Appellate Section, Washington, D.C., states as follows:

1.  I am an attorney employed in the Appellate Section of the Tax Division of the Department of Justice, and in that capacity I have been assigned the primary responsibility for handling the above-captioned case on behalf of appellee.

2.  The facts set forth in the accompanying motion are true to the best of my knowledge and belief.

17492072.1

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this 28th day of March, 2023, in Washington, D.C.

*/s/ Paul A. Allulis*
PAUL A. ALLULIS
*Attorney*

17492072.1

# CERTIFICATE OF COMPLIANCE

## With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

Check the appropriate box in section 1, and check the box in section 2.

**1. Type-Volume**

[X]   This document complies with the word limit of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f), this document contains <u>350</u> words.

**or**

[ ]   This brief complies with the line limit of FRAP ____ because, excluding the parts of the brief exempted by FRAP 32(f) and ____, this brief uses a monospaced typeface and contains ____ lines of text.

**2. Typeface and Type-Style**

[X]   This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).

(s)   <u>Paul A. Allulis</u>

Attorney for   <u>Commissioner of Internal Revenue</u>

Dated:   <u>March 28, 2023</u>

17492072.1

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2023, this motion was filed with the Clerk of the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Paul A. Allulis
Paul A. Allulis
Attorney

17492072.1